## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY T. DOWELL,** | : | **CIVIL ACTION NO. 1:25-CV-1388** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **DR. LAUREL R. HARRY,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Anthony T. Dowell, alleges that defendants employed at Camp Hill State Correctional Institution violated his civil rights by confiscating his personal property in January 2023. The case will be dismissed with prejudice as untimely.

I.     <u>**Factual Background & Procedural History**</u>

Dowell is currently incarcerated in SCI-Coal Township but was incarcerated in SCI-Camp Hill at all relevant times. He filed this case on July 17, 2025, and the court received and docketed his complaint on July 28, 2025. (Doc. 1). According to the complaint, Dowell was in SCI-Camp Hill on January 19, 2023, when officials ordered him to report to the receiving room to inventory his personal property that had been shipped from SCI-Huntingdon. (<u>Id.</u> at 6). Upon arriving in the receiving room, Dowell noticed that the packages containing his personal property had already been opened and that much of the personal property appeared to be missing. (<u>Id.</u>) The complaint alleges that defendant Hoerner, a lieutenant in the prison, was responsible for correctional officers going through Dowell's property

before he was present in the room. (Id.) Dowell refused to sign a document relating to the personal property, which led Hoerner to not allow him to take the remaining property with him. (Id. at 8). Hoerner then confiscated the remaining property. (Id.)

Dowell filed a grievance about his property. (See id. at 9). Defendant Heist denied the grievance on February 16, 2023. (Id.) Dowell appealed, but the appeal was denied on March 31, 2023. (Id. at 10). Dowell then filed a final appeal to the Pennsylvania Department of Corrections' central office, which was denied on June 7, 2023. (Id. at 11). The complaint asserts civil rights claims for the handling of his personal property against various defendants employed by SCI-Camp Hill and the DOC,[1] who were allegedly involved either in the initial handling of the property or in adjudicating Dowell's grievances and appeals. (See id. at 1-5).

## II.    **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

---

[1] Prior to her appointment to this court, the undersigned was employed as an attorney with the Pennsylvania Office of the Attorney General ("OAG"), which frequently represents individuals employed by the DOC and state correctional institutions. Canon 3(C) of the Code of Conduct for United States Judges requires a judge to "disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." A federal statute similarly requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Here, the court has reviewed this matter and concludes that disqualification is not necessary. Although the undersigned has represented DOC and state correctional employees in numerous past cases, the undersigned does not have a personal relationship with any of the defendants. The undersigned also does not have any personal knowledge of the plaintiff or the facts of this case. Finally, the court notes that the instant lawsuit is barred by the applicable statute of limitations and thus does not present a fact pattern that requires the court to exercise its discretion in deciding the case.

seeks redress against a governmental employee or entity. <u>See</u> 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>See</u>, <u>e.g.</u>, <u>Coward v. City of Philadelphia</u>, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); <u>Smith v. Delaware</u>, 236 F. Supp.3d 882, 886 (D.

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III.  **Discussion**

Dowell's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983.
Section 1983 creates a cause of action to redress constitutional wrongs committed
by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights,
but serves as a mechanism for vindicating rights otherwise protected by federal law.
See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d
1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a
deprivation of a "right secured by the Constitution and the laws of the United
States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204
(quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Section 1983 complaints brought by inmates in Pennsylvania are governed by
Pennsylvania's two-year statute of limitations for personal injury actions.
Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). The limitations period begins
to run on the date that the plaintiff knew, or should have known, of the injury upon
which the claim is based. Id. (citing Sameric Corp. of Del. v. City of Phila., 142 F.3d
582, 599 (3d Cir. 1998)). The limitations period is statutorily tolled while a prisoner
plaintiff attempts to exhaust administrative remedies. Pearson v. Sec'y Dep't of
Corrs., 775 F.3d 598, 603 (3d Cir. 2015). A district court may dismiss a complaint as
untimely pursuant to a screening review under 28 U.S.C. § 1915(e)(2) and 28 U.S.C.
§ 1915A if the untimeliness is clear from the face of the complaint. McPherson v.
United States, 392 F. App'x 938, 943 (3d Cir. 2010).

Here, it is clear from the face of Dowell's complaint that his claims are untimely. He alleges wrongdoing that occurred on January 19, 2023, and the limitations period accordingly began to run on that date. The limitations period was tolled from January 19, 2023, to June 7, 2023, while Dowell attempted to exhaust administrative remedies.[4] See (Doc. 1 at 9-11); Pearson v. Sec'y Dep't of Corrs., 775 F.3d 598, 603 (3d Cir. 2015). Thus, Dowell was required to file his complaint within two years of June 7, 2023, or no later than June 9, 2025.[5] Because he did not file his complaint until July 17, 2025,[6] it is untimely by 38 days. Dowell has also not presented any basis for equitable tolling of the limitations period. His complaint will be accordingly dismissed with prejudice as untimely.

**IV.    Conclusion**

We will dismiss the complaint as untimely pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and close this case. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    August 4, 2025

---

[4] It is not clear from the complaint when Dowell filed his initial grievance regarding his claims. Accordingly, the court liberally construes the complaint as alleging that the grievance was filed on the same date as the underlying incident, January 19, 2023.

[5] Because June 7, 2025, was a Saturday, Dowell's complaint was not due until June 9, 2025. See FED. R. CIV. P. 6(a)(1)(C).

[6] Pursuant to the prisoner mailbox rule, the complaint is deemed filed on July 17, 2025, the date Dowell submitted the complaint for mailing by prison officials. See, e.g., Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011).