**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY T. DOWELL,** | : | **No. 1:25-CV-1388** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **DR. LAUREL R. HARRY, *et al.*,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Anthony T. Dowell initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging that multiple Pennsylvania Department of Corrections (DOC) officials mishandled his personal property and his related complaints about the loss of that property. The court will dismiss Dowell's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted but will provide leave to amend.

## I. BACKGROUND

Dowell is currently incarcerated at SCI Coal Township. (Doc. 1 at 3). The gravamen of his complaint concerns the alleged loss of personal property during transfer from SCI Huntingdon to SCI Camp Hill, which loss he discovered on January 19, 2023. (Id. at 6). Dowell alleges that prison officials either lost or

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

stole legal mail (including transcripts and discovery materials), as well as numerous personal belongings such as photographs, electronics, textbooks, magazines, cosmetics, and copies of tax forms. (Id. at 7).

Upon learning of the missing property that was unpacked and inventoried at SCI Camp Hill outside of his presence, Dowell alleges that he refused to sign a DC-153M property receipt for the property transfer. (Id. at 8). He claims that, in response to his refusal to sign the form, Lt. B. Hoerner confiscated his remaining property and also threatened that Dowell would not be able to watch television that evening. (Id.)

Dowell contends that, to this day, he has not been provided a proper property inventory sheet (DC-135M form) by DOC officials. (Id. at 9). He notes that he exhausted the DOC's prison grievance process through final review with the Secretary's Office of Inmate Grievance Appeals. (Id. at 9-12). He further maintains that he has not had the missing items returned, nor has he been reimbursed for the lost or stolen property. (Id. at 12).

Dowell lodged his *pro se* Section 1983 complaint in or around July 2025. He is proceeding *in forma pauperis*. (See Doc. 2; Doc. 8 ¶ 1). This case was initially assigned to the Honorable Kelly M. Neary. Judge Neary promptly screened Dowell's complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, finding that Dowell's claims were facially barred by the

statute of limitations. (See generally Docs. 7, 8). Dowell appealed, and on July 16, 2026, the United States Court of Appeals for the Third Circuit, in a nonprecedential opinion, reversed and remanded, finding that there remained an unresolved issue regarding whether equitable tolling applied to toll Dowell's statute of limitations. See Dowell v. Harry, No. 25-2907, 2026 WL 2057067, at *2 (3d Cir. July 16, 2026). On remand, this case was reassigned to the undersigned judicial officer.

The court observes that although Judge Neary screened Dowell's Section 1983 complaint with respect to its timeliness, no sufficiency review of the claims was performed. Upon undertaking that review,[2] the court finds that Dowell's complaint fails to state a claim upon which relief may be granted.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule

---

[2] Pursuant to 28 U.S.C. § 1915(e), "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in

original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Dowell proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Dowell, is incarcerated. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Before addressing the sufficiency of Dowell's complaint, the court must identify the claimed constitutional violation(s). See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); Graham v. Connor, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires

"identifying the specific constitutional right allegedly infringed by the challenged" conduct).

Dowell does not cite any particular constitutional amendment or federal law, nor does he plead any specific claim for relief. His complaint concerns the loss of his personal property, which includes personal items as well as legal documents. Thus, as best as the court can discern, Dowell's complaint (when liberally construed) asserts two constitutional tort claims: (1) Fourteenth Amendment deprivation of property without due process of law; and (2) First and Fourteenth Amendment denial of access to the courts. Neither claim, however, survives Section 1915(e)(2)(B)(ii) scrutiny.

**A. Fourteenth Amendment Deprivation of Property**

As noted above, the thrust of Dowell's complaint is that state officials lost or stole numerous items of his personal property during a prior prison transfer. Thus, it is possible that Dowell is asserting a Section 1983 claim sounding in Fourteenth Amendment deprivation of property without due process of law. See Hudson v. Palmer, 468 U.S. 517 530, 533 (1984). This constitutional tort, however, has significantly limited application. Most acutely, such a due process claim is barred when "adequate state post-deprivation remedies are available." Id. at 533.

Dowell's complaint is silent as to whether adequate state post-deprivation remedies exist for the loss of his property, but the court observes that state tort law provides a remedy for his claim. See 42 PA. CONS. STAT. § 8522(a), (b)(3) (waiving state statutory sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties"); Snead v. SPCA of Pa., 929 A.2d 1169, 1183 (Pa. Super. Ct. 2007) (explaining intentional tort of conversion); see also Cruz v. SCI-SMR Dietary Servs., 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth Amendment due process property deprivation claim due to existence of state post-deprivation remedies). Thus, Dowell has a potential remedy in the form of a state tort lawsuit for the loss of his personal property by Commonwealth employees.

The United States Court of Appeals for the Third Circuit has also held that the prison grievance process constitutes an adequate post-deprivation remedy for loss-of-property claims, even if the plaintiff disagrees with the results. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). And Dowell has plainly alleged that he utilized the prison grievance process to address the deprivation of his personal property, albeit with an outcome with which he disagrees. (See Doc. 1 at 9-12).

Therefore, because adequate state post-deprivation remedies are available, any constitutional deprivation-of-property claim Dowell is asserting must be dismissed for failure to state a claim upon which relief may be granted. Dismissal of this claim will be with prejudice, as granting leave to amend would be futile. Dowell cannot replead this claim in a way that would avoid the existence of adequate state post-deprivation remedies for his loss-of-property claim. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)); Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

**B. First and Fourteenth Amendment Access to Courts**

Dowell alleges that his legal documents were lost or stolen by DOC officials. It is possible, therefore, that he could be asserting that he was denied access to the courts.

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996)). Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of

confinement." Id. (citing Lewis, 518 U.S. at 354-55). To adequately plead an access-to-courts claim that is backward-looking in nature,[3] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe, 536 F.3d at 205 (quoting Christopher, 536 U.S. at 415). The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy." See Christopher, 536 U.S. at 416-17.

To the extent that Dowell attempts to plead an access-to-courts claim, he has not done so. Although he alleges that prison officials either stole or lost his legal materials, he has not pled that he suffered an actual injury, *i.e.*, that he lost the chance to pursue a nonfrivolous underlying claim. Nor has Dowell plausibly alleged that he has no remedy other than a Section 1983 lawsuit. Dowell, in fact, provides no details whatsoever regarding the effect, if any, the alleged loss of his legal documents had on his access to the courts. Because Dowell has not plausibly alleged any of the elements of an access-to-courts claim, this claim must be dismissed under Section 1915(e)(2)(B)(ii) as well.

[3] There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher v. Harbury, 536 U.S. 403, 413 (2002).

### C. Potential Policy-Related Claim

Dowell's complaint may also be liberally construed as attempting to raise a Section 1983 claim regarding prison officials' alleged violation of DOC policy involving the handling of inmates' property. (See Doc. 1 at 6-8). However, it is axiomatic that "a prison policy manual does not have the force of law and does not rise to the level of a regulation" and that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." Atwell v. Lavan, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); see Bullard v. Scism, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); Jordan v. Rowley, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); Williamson v. Garman, No. 3:15-CV-1797, 2017 WL 2702539, at *6 (M.D. Pa. June 22, 2017); see also United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension").

Moreover, Dowell has not pled facts showing that the policy itself creates a liberty or property interest such that its violation could infringe his procedural due process rights. See Millhouse v. Bledsoe, 458 F. App'x 200, 203 (3d Cir. 2012) (nonprecedential) (citing Sandin v. Conner, 515 U.S. 472, 487 (1995)). Thus, to the extent that Dowell is asserting a Section 1983 claim based on the violation of

DOC policy concerning the handling of prisoner property, that claim must also be dismissed for failure to state a claim upon which relief may be granted.[4]

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. The court will grant limited leave to amend. If Dowell is attempting to assert a Fourteenth Amendment claim of deprivation of property without due process of law, he may not reassert that claim in an amended pleading, as amendment of that claim would be futile for the reasons provided herein.

If Dowell chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his claim(s) in short, concise, and plain statements, and in sequentially

---

[4] It is possible that Dowell may be attempting to assert a Section 1983 conspiracy claim, as he uses the word "conspirational" several times in his complaint. (See Doc. 1 at 9, 11). However, without identifying an underlying constitutional violation, Dowell likewise fails to state a Section 1983 conspiracy claim. See Harvard v. Cesnalis, 973 F.3d 190, 207 (3d Cir. 2020); Clayworth v. Luzerne County, 513 F. App'x 134, 138 (3d Cir. 2013) (nonprecedential) ("Thus, because [plaintiff] failed to establish an underlying violation of his constitutional rights, his [civil rights] conspiracy claim also fails.") (citing Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993), abrogated on other grounds by United Artists Theatre Cir., Inc. v. Township of Warrington, 316 F.3d 392 (3d Cir. 2003)).

numbered paragraphs. Dowell must address the pleading deficiencies identified in this Memorandum.

Most notably, Dowell must identify the constitutional right or federal law that he believes prison officials violated. In other words, Dowell should—to the best of his ability—describe the type of Section 1983 claim he is attempting to raise in the present lawsuit. At the very least, Dowell should attempt to cite the constitutional amendment or other federal law that he believes DOC officials violated with respect to the loss of his property. Dowell must also sign the amended complaint and specify the nature of the relief sought, as his original complaint does not include any requested relief.

If Dowell does not timely file an amended complaint, dismissal without prejudice of his complaint will automatically convert to dismissal *with prejudice* and the court will close this case.

## IV. CONCLUSION

Dowell's Section 1983 complaint concerns the loss of his personal property. The court does not trivialize this type of loss for those who are incarcerated. Nevertheless, it is well settled that such a loss-of-property claim does not implicate a *constitutional* infringement or violation of federal law. Therefore, it does not provide the basis for a lawsuit against state actors under 42 U.S.C. § 1983. Accordingly, the court will dismiss Dowell's complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Leave to amend will be granted. An appropriate Order follows.

**Date:** 9/2/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**