**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY T. DOWELL,**<br>**Plaintiff** | : | **No. 1:25-CV-1388** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **DR. LAUREL R. HARRY, *et al.*,**<br>**Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Anthony T. Dowell initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging that multiple Pennsylvania Department of Corrections (DOC) officials mishandled his personal property. The court dismissed Dowell's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted but gave him leave to amend. Dowell's amended complaint does not cure his fundamental pleading deficiencies, so the court will dismiss this case with prejudice.

## I. BACKGROUND

Dowell is currently incarcerated at SCI Coal Township. (Doc. 35 ¶ 1). The gravamen of his lawsuit concerns the alleged loss of personal property during transfer from SCI Huntingdon to SCI Camp Hill, which loss he discovered on

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

January 19, 2023. (See Doc. 1 at 6). Dowell initially alleged that prison officials either lost or stole legal mail (including transcripts and discovery materials), as well as numerous personal belongings such as photographs, electronics, textbooks, magazines, cosmetics, and copies of tax forms. (Id. at 7).

Upon learning of the missing property that was unpacked and inventoried at SCI Camp Hill outside of his presence, Dowell refused to sign a DC-153M property receipt for the property transfer. (Id. at 8). He claimed that, in response to his refusal to sign the form, Lt. B. Hoerner confiscated his remaining property and also threatened that Dowell would not be able to watch television that evening. (Id.)

Dowell further alleged that, to this day, he has not been provided a proper property inventory sheet by DOC officials. (Id. at 9). He also noted that he exhausted the DOC's prison grievance process through final review with the Secretary's Office of Inmate Grievance Appeals. (Id. at 9-12). He further maintained that he has not had the missing items returned, nor has he been reimbursed for the lost or stolen property. (Id. at 12).

Dowell filed his *pro se* Section 1983 complaint in July 2025. He is proceeding *in forma pauperis*. (See Doc. 2; Doc. 8 ¶ 1). His case was initially assigned to the Honorable Kelly M. Neary. Judge Neary promptly screened Dowell's complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2) and 28

U.S.C. § 1915A, finding that Dowell's claims were facially barred by the statute of limitations. (See generally Docs. 7, 8). Dowell appealed, and on July 16, 2026, the United States Court of Appeals for the Third Circuit, in an unreported decision, reversed and remanded, finding that there remained an unresolved issue regarding whether equitable tolling applied to toll Dowell's statute of limitations. See Dowell v. Harry, No. 25-2907, 2026 WL 2057067, at *2 (3d Cir. July 16, 2026) (nonprecedential). On remand, the case was reassigned to the undersigned judicial officer.

Following reassignment, this court observed that although Judge Neary had screened Dowell's Section 1983 complaint with respect to its timeliness, no pleading-sufficiency review of the claims had been performed. The court thus undertook that statutorily mandated review and found that Dowell's complaint failed to state a claim upon which relief may be granted. (See generally Docs. 23, 24).

Specifically, the court determined that Dowell was attempting to assert two Section 1983 claims: (1) Fourteenth Amendment deprivation of property without due process of law; and (2) First and Fourteenth Amendment denial of access to the courts. (See Doc. 23 at 5-6). Dowell, however, failed to plausibly allege a Fourteenth Amendment deprivation of property claim because adequate state post-deprivation remedies existed for his lost property claims. (Id. at 6-8).

Dowell likewise did not plausibly state an access-to-courts claim because he had failed to allege an actual injury (*i.e.*, that he had lost the chance to pursue a nonfrivolous underlying claim), or that he had no other remedy than a Section 1983 lawsuit. (Id. at 8-9). Finally, the court explained that if Dowell was attempting to assert a Section 1983 claim involving the violation of prison policy, such allegations did not rise to the level of a constitutional infringement. (Id. at 10-11).

The court accordingly dismissed Dowell's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted but provided him leave to amend. (See id. at 11-12). Dowell was also given specific directions for amendment. (See id.). He then sought and was granted two extensions of time to amend his pleadings. (See Docs. 26, 28, 32, 33). The court received his amended complaint on October 26, 2026. (See generally Doc. 35).

Dowell spends much of his amended complaint identifying eleven defendants and explaining why he is suing each of them. (See id. ¶¶ 2-12). The substance of his civil rights lawsuit, however, has not changed. That is, Dowell is attempting to sue numerous DOC officials under Section 1983 because they allegedly lost (or stole) his personal property and unspecified "legal materials."

(See id. ¶¶ 13-23). Dowell's amended complaint is now before the court for sufficiency review under Section 1915(e)(2)(B)(ii).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly

authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Dowell proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson

v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Dowell, is incarcerated. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Before addressing the sufficiency of Dowell's amended complaint, the court must identify the claimed constitutional violation(s). See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); Graham v. Connor, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).

As noted above, the underlying substance of Dowell's Section 1983 lawsuit has not changed. He primarily alleges that DOC officials lost or stole his personal property and legal materials and then failed to correct their wrongful conduct. In this iteration of his pleading, Dowell appears to assert three constitutional tort claims: (1) First and Fourteenth Amendment denial of access to the courts; (2) Eighth Amendment conditions of confinement; and (3) Fourteenth Amendment equal protection. (See Doc. 35 ¶¶ 13-23). Once again, no claim survives Section 1915(e)(2)(B)(ii) scrutiny.

### A. First and Fourteenth Amendment Access to Courts

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996)). Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement." Id. (citing Lewis, 518 U.S. at 354-55). To adequately plead an access-to-courts claim that is backward-looking in nature,[2] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe, 536 F.3d at 205 (quoting Christopher, 536 U.S. at 415). The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy." See Christopher, 536 U.S. at 416-17.

Dowell alleges that he is "in the process of investigating the Philadelphia Department of Police" and the District Attorney's office. (Doc. 35 ¶ 13). He repeatedly alleges that "legal materials" were lost or stolen by DOC officials, yet

---

[2] There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher v. Harbury, 536 U.S. 403, 413 (2002).

he never identifies what legal documents he is missing. (See id. ¶¶ 2, 3, 8, 11, 13, 15, 17, 18, 20).

To the extent that Dowell is attempting to plead an access-to-courts claim, he once again fails to do so. Not only has he failed to allege what "legal materials" were taken from him, he also has not plausibly alleged that he suffered an actual injury, *i.e.*, that he lost the chance to pursue a nonfrivolous underlying claim. Dowell does not identify any nonfrivolous conditions-of-confinement case or challenge to his criminal sentence that has been stymied by the DOC's alleged misplacement or theft of his legal materials.

Nor has Dowell plausibly alleged that he has no remedy other than a Section 1983 lawsuit. Dowell, in fact, provides no details whatsoever regarding the effect, if any, the alleged loss of unspecified "legal materials" had on his access to the courts. Because Dowell has not plausibly alleged any of the elements of an access-to-courts claim, this claim must once again be dismissed pursuant to Section 1915(e)(2)(B)(ii).[3]

---

[3] Dowell also contends that he was denied access to the courts because he can only visit the prison's law library two times a week (for one and one-half hour sessions each time) and there are no attorneys or paralegals to answer his questions. (Doc. 35 ¶ 14). In no way do these allegations state a constitutional violation with respect to an inmate's constitutional right of access to the courts. See, e.g., Prater v. Wetzel, 629 F. App'x 176, 178 (3d Cir. 2015) (nonprecedential) (finding that denial of access to law library for eleven days, without showing that such denial prejudiced inmate or that underlying claim was nonfrivolous, did not plausibly state a constitutional violation); Lewis v. Casey, 518 U.S. 343, 351 (1996) ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . [T]he inmate . . . must go one step

**B. Eighth Amendment Conditions of Confinement**

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." Thomas v. Tice, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or inhumane treatment, such as deprivation of "basic human needs" like "food, clothing, shelter, medical care, and reasonable safety[.]" Helling v. McKinney, 509 U.S. 25, 32 (1993) (citation omitted).

To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015). Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation. Id. (citing Farmer v. Brennan, 511 U.S. 825, 843 (1994); Wilson v. Seiter, 501 U.S. 294, 297 (1991)). "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they are

---

further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.").

'incarcerated under conditions posing a substantial risk of serious harm.'" Clark v. Coupe, 55 F.4th 167, 179 (3d Cir. 2023) (quoting Farmer, 511 U.S. at 834).

Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety." Chavarriaga, 806 F.3d at 226 (citing Farmer, 511 U.S. at 834). Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm." Id. at 227 (citing Farmer, 511 U.S. at 842).

It is possible that Dowell is attempting to assert a conditions-of-confinement claim in his amended complaint. (See Doc. 35 ¶¶ 22-23 (titled "Plaintiff['s] Claims of Institutions['] Conditions")). If so, he has not stated such a claim. Dowell's allegations of loss of property, limited access to the law library, and displeasure with the results of the institutional grievance process do not rise to the level of a sufficiently serious deprivation of life's necessities. Nor has he plausibly alleged that any Defendant acted with deliberate indifference to his health or safety. Consequently, if Dowell is trying to assert an Eighth Amendment conditions-of-confinement claim in his amended complaint, that claim must be dismissed under Section 1915(e)(2)(B)(ii) as well.

### C. Potential Policy-Related Claim

Dowell's amended complaint, like his original, may be liberally construed as attempting to raise a Section 1983 claim regarding prison officials' alleged violation of DOC policy pertaining to the handling of inmates' property. (See Doc. 35 ¶¶ 2, 6, 8, 11, 16). However, it is axiomatic that "a prison policy manual does not have the force of law" and that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." Atwell v. Lavan, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); see also Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (explaining that prison regulations are "primarily designed to guide correctional officials in the administration of a prison"; they are "not designed to confer rights on inmates"); Millhouse v. Bledsoe, 458 F. App'x 200, 203 (3d Cir. 2012) (nonprecedential); Bullard v. Scism, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); Jordan v. Rowley, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); Williamson v. Garman, No. 3:15-CV-1797, 2017 WL 2702539, at *6 (M.D. Pa. June 22, 2017); see also United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension").

Moreover, Dowell has not pled facts showing that the policy itself creates a liberty or property interest such that its violation could infringe his procedural due process rights. See Millhouse, 458 F. App'x at 203 (citing Sandin, 515 U.S. at 487). Thus, to the extent that Dowell is asserting a Section 1983 claim based on the violation of DOC policy pertaining to the handling of prisoner property, that claim must also be dismissed for failure to state a claim upon which relief may be granted.

**D. Fourteenth Amendment Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a Fourteenth Amendment equal protection claim, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class[.]" Mack v. Warden Loretto FCI, 839 F.3d 286, 305 (3d Cir. 2016). An equal protection claim can also be asserted under a "class of one" theory, whereby a plaintiff alleges that a state actor intentionally treated him differently than others who are similarly situated "and there is no rational basis for the difference in treatment." Phillips, 515 F.3d at 243 (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).

In one section of his amended complaint, Dowell appears to assert an equal protection claim. (See Doc. 35 ¶¶ 22-23). He alleges that he was purposefully discriminated against by prison officials because he is "African-American." (See id. ¶ 23). However, Dowell fails to plausibly plead an equal protection violation. First, he does not state how he was treated differently based on his race. Second, he does not identify similarly situated inmates of other races who were treated in a more favorable manner. Thus, any equal protection claim he is attempting to raise must be dismissed for failure to state a claim upon which relief may be granted.[4]

### E. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. Further leave to amend will be denied, as Dowell has failed to plausibly plead a claim for relief even after "amendments previously allowed." See Foman v. Davis, 371 U.S. 178, 182 (1962); Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already

[4] In his amended complaint, Dowell states that he is bringing claims against Defendants in their "personal" and "professional" capacities. (See, e.g., Doc. 35 ¶¶ 3-8, 12). When Dowell says "professional" capacity, it is possible that he means "official" capacity. The court need not determine whether Dowell is asserting official capacity claims, however, because he fails to plausibly allege any constitutional violation.

had two chances to tell his story," providing "further leave to amend would be futile"). The court will thus dismiss Dowell's Section 1983 case with prejudice.

## IV. CONCLUSION

Dowell's Section 1983 lawsuit primarily concerns the loss of his personal property. The court does not trivialize this type of loss for those who are incarcerated. Nevertheless, it is well settled that such a loss-of-property claim does not implicate a *constitutional* infringement or violation of federal law. Therefore, it does not provide the basis for a lawsuit against state actors under 42 U.S.C. § 1983.

Dowell's amended complaint likewise fails to state a First and Fourteenth Amendment claim of denial of access to the courts, an Eighth Amendment claim of unconstitutional conditions of confinement, or a Fourteenth Amendment equal protection claim. Accordingly, the court will dismiss with prejudice Dowell's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. An appropriate order follows.

**Date:** 11/20/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**